**[Cite as *Wells v. Mansfield Corr. Inst.*, 2011-Ohio-6949.]**



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LANCE D. WELLS

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-06021-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶1} Plaintiff, Lance Wells, an inmate incarcerated at defendant, Mansfield Correctional Institution (ManCI), filed this action alleging his television was lost or stolen on August 21, 2010, as a proximate result of negligence on the part of ManCI staff. Plaintiff related he was transferred from the ManCI general population to a segregation unit on August 21, 2010, for an undisclosed reason. Plaintiff's personal property was inventoried, packed, and delivered into the custody of ManCI personnel incident to this transfer. According to plaintiff, the institution's pack-up sheet states that "I have my TV, but then at the bottom it states that they mixed up my television with another inmate's." Apparently when plaintiff was released from segregation, he was informed that the television set which he claimed to own was in fact titled to another inmate.

{¶2} Plaintiff related that he had title proving ownership of an RCA television along with the bill of sale. Plaintiff submitted a disposition of grievance form which explained that the television set sent with plaintiff's packed property was actually owned by another inmate who had been released from the institution in July 2010, and that plaintiff had failed to submit proof that he was the rightful owner of that television set. Accordingly, plaintiff's grievance was denied.

{¶3} Plaintiff filed this complaint seeking to recover $181.90, the total estimated replacement cost of the missing television set. The filing fee was paid.

{¶4} Defendant acknowledged that a television was packed along with plaintiff's other property but that when it was inventoried, defendant determined that the television belonged to a former inmate who had been released from prison in July 2010. Defendant explained that "[o]nce prison staff realized the television was titled to inmate Johnson, the property was confiscated and not given to Plaintiff as it was contraband." Defendant denied ever exercising control over a television set titled to plaintiff during the August 21, 2010 transfer. Defendant included a report from the Institutional Inspector,

Sharon Berry, who explained that the she spoke with the corrections officer (CO) who was on duty on August 21, CO Gifford. Gifford recalled that the television set from plaintiff's cell was included with his property and that the television set remaining in the cell belonged to plaintiff's cell mate. Berry concluded that '[t]here is no evidence institution staff were in possession of Inmate Well's television."

{¶5} Plaintiff filed a response essentially reiterating the allegations contained in his complaint.

CONCLUSIONS OF LAW

{¶6} Although not strictly responsible for a prisoner's property, defendant had at least the duty of using the same degree of care as it would use with its own property. *Henderson v. Southern Ohio Correctional Facility* (1979), 76-0356-AD.

{¶7} Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD.

{¶8} An inmate plaintiff may recover the value of confiscated property destroyed by agents of defendant when those agents acted without authority or right to carry out the property destruction. *Berg v. Belmont Correctional Institution* (1998), 97-09261-AD.

{¶9} Plaintiff has no right to pursue a claim for confiscated, stolen, or lost property in which he cannot prove any right of ownership. *DeLong v. Department of Rehabilitation and Correction* (1988), 88-06000-AD. The issue of ownership of property is determined by the trier of fact based on evidence presented. *Petition for Forfeiture of 1978 Kenworth Tractor v. Mayle* (Sept. 24, 1993), Carroll App. No. 605. The trier of fact, in the instant action, finds the confiscated property items were not owned by plaintiff. Therefore, plaintiff may not recover damages associated with the loss of property he did not own. See *Mumm v. Ohio Dept. of Rehab. and Corr., et al.*, Ct. of Cl. No. 2004-04574-AD, 2004-Ohio-5134.

{¶10} It was held that property in an inmate's possession which cannot be validated by proper indicia of ownership is contraband and consequently, no recovery is permitted when such property is confiscated. *Wheaton v. Department of Rehabilitation and Correction* (1988), 88-04899-AD.

{¶11} Plaintiff in the instant claim failed to provide sufficient proof to establish he

owned the confiscated television. See *Canitia v. Trumbull Correctional Inst.*, Ct. of Cl. No. 2003-05739-AD, 2003-Ohio-5551; *Cisternino v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2004-04388-AD, 2004-Ohio-5413; *Noble v. Dept. of Correction and Rehabilitations*, Ct. of Cl. No. 2006-02838-AD, 2006-Ohio-7248.

{¶12} Plaintiff failed to produce sufficient evidence to show defendant exercised control over a television set titled to plaintiff. Plaintiff's failure to prove delivery of the claimed missing property to defendant constitutes a failure to show imposition of a legal bailment duty on the part of defendant in respect to lost property. *Prunty v. Department of Rehabilitation and Correction* (1987), 86-02821-AD.

{¶13} Plaintiff cannot recover for property loss when he fails to produce sufficient evidence to establish defendant actually assumed control over the property. *Whiteside v. Orient Correctional Inst.,* Ct. of Cl. No. 2002-05751, 2005-Ohio-4455, obj overruled, 2005-Ohio-5068.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LANCE D. WELLS

    Plaintiff

    v.

MANSFIELD CORRECTIONAL INSTITUTION

    Defendant

Case No. 2011-06021-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Lance D. Wells, #570-342
1050 N. Main Street
P.O. Box 788
Mansfield, Ohio  44901

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

9/1
Filed 9/21/11
Sent to S.C. reporter 1/27/12